STEPHEN B. GREACHEN, PLAINTIFF AND APPELLEE, v. WILLIAM ACHENBERG ET AL., DEFENDANTS AND APPELLANTS.

Submitted February 18, 1908—Decided June 8, 1908.

A surrender of a term in demised premises, by act and operation of law, will not be implied upon proof that the lessees had dissolved partnership and that an unauthorized person had tendered the lessor the key, and nothing more.

On appeal from the District Court of Perth Amboy.

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the appellants, *Henry W. Kehoe* and *Leo Goldberger.*

For the appellee, *Charles C. Hommann.*

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment entered on the verdict of a jury ordered by the trial judge in the District Court of Perth Amboy.

The action was brought to recover the balance of rent of premises alleged to be due the plaintiff from the defendants. Upon trial it appeared that the plaintiff was the owner of

the premises in question and designed, planned and built the building as a garage to rent to the defendant Achenberg at his request; that the latter rented it for $50 per month for no stated time, and took possession May 1st, 1906; that shortly thereafter Achenberg introduced to plaintiff one Heidecker, whom Achenberg informed plaintiff was his partner; that the plaintiff knew nothing of the terms of the partnership; that the defendants, or one of them, or some person for them, remained in possession until February 28th, 1907; that rent was due for the months of October, November and December, 1906, and January and February, 1907.

By the testimony upon the part of the defendants, it appeared that the partnership between Achenberg and Heidecker was dissolved November 3d, 1906, and that the latter agreed with the former that he would pay the partnership debts; that about a month after the dissolution of the partnership Heidecker "left town;" that when he left he gave one Comegy, who had two cars in the garage on storage, a key to the place, saying "take this key and don't let anything go out of here;" that some days thereafter Comegy went to plaintiff's office and "said he wanted to give someone the key;" that plaintiff refused to accept the key, saying "so far as I am concerned you can keep the cars there."

From the whole case it appeared to be undisputed that the plaintiff had no knowledge of the dissolution of the partnership, or of the terms thereof, until February 11th, 1907.

The only question requiring consideration is whether the trial judge, under the circumstances exhibited by the evidence, was justified in directing a verdict for the plaintiff.

The defendants were monthly tenants of the demised premises. *Decker* v. *Hartshorne, 36 Vroom* 87; *affirmed, Id.* 680; *Baker* v. *Kenny,* 40 *Id.* 180.

There was no proof of a surrender of the terms in the demised premises by the defendants or by either of them.

Such surrender will not be implied from proof that the defendants had dissolved partnership. It is not contended that knowledge of the dissolution was brought home to the plaintiff. The proof is that he had no knowledge thereof.

Nor will such surrender be inferred from the proof that the key was tendered to the plaintiff by Comegy. It does not appear that he represented himself to be, or was in fact, the agent of the defendants, or of either of them, for that purpose.

For these reasons we think that the direction of a verdict for the plaintiff was right, and that the judgment should be affirmed.